**No. P67/430.**—American Roland Corp. v. United States, protest 66/76213 (New York).

RICHARDSON, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of pyridoxine hydrochloride, which merchandise was the subject of *American Roland Corporation* v. *United States* (53 Cust. Ct. 390, Reap. Dec. 10807), wherein the court found, based on facts agreed to by the Government, that the date of exportation of said merchandise covered by the involved entry (818454 of 10/31/61) was during the period October 19, 1961, through December 31, 1961; that, in liquidation, the liquidating officer used a date of exportation other than that previously determined by the Government, resulting in a liquidation at a higher dutiable value than that determined by the court in Reap. Dec. 10807, *supra;* that a request for relief under the provisions of section 520(c)(1), Tariff Act of 1930, as amended, to correct the inadvertence was denied and the protest herein was lodged against said denial; and that the proper dutiable values for the involved merchandise are as set forth in Reap. Dec. 10807, *supra*, the court sustained the claim in the protest that the involved entry should be reliquidated on the basis of export value of U.S. $64.50 per kilogram, c.i.f.

BEFORE THE FIRST DIVISION, DECEMBER 11, 1967

**No. P67/431.**—The Newman Company et al. v. United States, protests 63/10962, etc. (Los Angeles).

BECKWORTH, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of rubber motorboats similar in all material respects to those the subject of *The Newman Company* v. *United States* (57 Cust. Ct. 117, C.D. 2739), the claim of the plaintiffs was sustained.